1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9    ERLINDA REYES,                          Case No. 1:21-cv-00302-EPG

10                      Plaintiff,           ORDER GRANTING MOTION FOR
                                             ATTORNEY'S FEES PURSUANT TO 42
11          v.                               U.S.C. § 406(b)

12   COMMISSIONER OF SOCIAL SECURITY,        (ECF No. 24)

13                      Defendant.

14          On September 17, 2024, Attorney Jonathan O. Pena, counsel for Plaintiff Erlinda Reyes,

15   filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 24).

16   Plaintiff and the Commissioner of Social Security were each served with a copy of the motion.

17   (*Id.* at 9; ECF No. 25). Neither Plaintiff nor the Commissioner have filed an objection or other

18   response to the motion.[1]

19          For the reasons set forth below, the motion for an award of attorney's fees is GRANTED

20   in the amount of $29,384.43, with Plaintiff's counsel reimbursing Plaintiff for the $6,420.37 in

21   fees and expenses previously awarded pursuant to the Equal Access to Justice Act (EAJA). (*See*

22   ECF No. 23).

     **I.   BACKGROUND**
23
24          Plaintiff brought the underlying action on March 2, 2021, seeking judicial review of a

25   final administrative decision denying Plaintiff's claim for disability insurance benefits under the

26   Social Security Act. (ECF No. 1). On February 10, 2023, the Court entered an order and final

27   judgment in favor of Plaintiff, remanding the case for further administrative proceedings. (ECF

28   _____
     [1] The parties consented to the jurisdiction of the undersigned for all proceedings in this action, including
     trial and entry of judgment. (ECF No. 14).

                                                      1

Nos. 20, 21). On May 11, 2023, the parties filed a stipulation for an award of $6,420.37 in

attorney fees under EAJA. (ECF No. 22). The Court entered an order on the stipulation on May

15, 2023, awarding EAJA attorney fees and expenses in the amount of $6,420.37. (ECF No. 23).

On remand, the Commissioner awarded benefits to Plaintiff, including retroactive

benefits. (ECF Nos. 24 at 3; 24-1). The letter states that the Commissioner "usually withhold[s]

25 percent of past due benefits" to pay the approved representative's fee. (ECF No. 24-1 at 4).[2]

Here, the Commissioner withheld the amount of $29,384.43 to pay Plaintiff's representative.

(*Id.*).

On September 17, 2024, Plaintiff's counsel filed a motion seeking attorney fees in the

amount of $29,384.43, pursuant to 42 U.S.C. § 406(b), with a credit to Plaintiff for the $6,420.37

in EAJA fees and expenses previously awarded. (ECF Nos. 23, 24).

## II. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in

which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter
> who was represented before the court by an attorney, the court may determine and
> allow as part of its judgment a reasonable fee for such representation, *not in excess
> of 25 percent of the total of the past-due benefits to which the claimant is entitled
> by reason of such judgment*, and the Commissioner of Social Security may . . .
> certify the amount of such fee for payment to such attorney out of, and not in
> addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the

[406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not

responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc)

(citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the section 406(b) attorney

fees award is not paid by the government, the Commissioner "plays a part in the fee

determination resembling that of a trustee for the claimant" and may challenge the fee sought.

*Gisbrecht*, 535 U.S. at 798 n. 6. The goal of fee awards under section 406(b) is to provide

---

[2] Cited page numbers refer to the original pagination appearing on the top or bottom of each page, not the blue numbers generated by the CM/ECF system.

adequate incentive to represent claimants while ensuring that the usually meager disability

benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989),

*abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure

that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that section 406(b)

does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b)

instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25

percent boundary . . . the attorney for the successful claimant must show that the fee sought is

reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (noting that

section 406(b) "does not specify how courts should determine whether a requested fee is

reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits

awarded").

Generally, "a district court charged with determining a reasonable fee award under

§ 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . .

'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586

F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has

identified several factors that may be considered in determining whether a fee award under a

contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of

the representation; (2) the results achieved by the representative; (3) whether the attorney engaged

in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the

benefits are large in comparison to the amount of time counsel spent on the case; and (5) the

attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent

cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement in this case provides as follows:

I agree to pay my attorney 25% of Past Due Benefits/Retroactive benefits
AWARDED (pre-offset) to me and my family (this includes my auxiliary
beneficiaries) resulting from my disability claim at the time benefits are awarded.

My attorney has explained to me that it is the law that the attorney fee must be
approved by the federal court for representation in federal court and by the Social
Security Administration for representation before the Social Security
Administration. I understand that the total fee could amount to many thousands
of dollars or many hundreds of dollars per hour on an hourly basis; I understand

1      that my attorney is accepting my case because of the possibility of obtaining
2      substantial fees. I agree to cooperate in any way that I can so that my attorney's
3      full fee is authorized. I understand that my attorney may seek the maximum fee
    this contract allows under the law. My attorney does not promise to minimize
4      either the attorney fee he receives or that I pay under this contract.

(ECF No. 24-2 at 1).

The Court has considered the character of counsel's representation of Plaintiff and the

good results achieved by counsel, which included an award of benefits. Plaintiff's counsel

represents that counsel spent 27.5 hours in this matter. (ECF No. 24-3). Counsel ultimately gained

a favorable decision in that the case was remanded to the Commissioner, who then awarded

benefits to Plaintiff going back to February 2018. (ECF No. 24-1 at 2). There is no indication that

a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel

as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged

in any dilatory conduct resulting in delay.

Plaintiff's counsel seeks an award of $29,384.43, which results in an approximate hourly

rate of $1,068.52. (ECF No. 24 at 5, 7-8). The Ninth Circuit found a similar effective rate of $902

reasonable in 2009. *Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found

reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part

and dissenting in part). Additionally, as a court in this district has noted:

> [S]ince *Gisbrecht*, courts note that reducing a fee request is dicey business and
> find fee awards of an effective hourly rate much higher than [the fees in *Crawford*]
> to be reasonable. *Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL
> 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an
> effective hourly rate of $1,553.36 per hour); *Coles v. Berryhill*, No. EDCV 14-
> 1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly
> rate of $1,431.94 reasonable under the circumstances); *Palos v. Colvin*, No. CV
> 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought
> translate to $1,546.39 per hour for attorney and paralegal services); *see also Villa
> v. Astrue*, No. CIVS-060846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7,
> 2010) ("In practice, the more efficient counsel is in court, the higher will be the
> hourly fee amount represented in a § 406 fee award.")

*Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, 2020 WL 1306983 at *3 (E.D. Cal.

March 19, 2020) (alterations added).

Plaintiff's counsel's itemization of time indicates 27.5 hours were expended in this action.

(ECF No. 24-3); *see Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting

that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases). Further, the requested attorney fees award of $29,384.43 does not exceed 25% of past-due benefits and is not excessive in relation to the past-due benefits awarded. Plaintiff's counsel calculated Plaintiff's total past due benefits at $117,537.72.[3] *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting section 406(b) attorney fees in the amount of $24,350.00); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting section 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting section 406(b) attorney fees in the amount of $20,577.57).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and ultimately an award of substantial benefits to Plaintiff.

An award of attorney fees pursuant to section 406(b) in the amount of $29,384.43 is therefore appropriate. An award of section 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $6,420.37 in EAJA fees, and counsel agrees to refund these fees. (ECF No. 24 at 2, 6-7).

///

///

---

[3] Plaintiff's counsel obtained this total by multiplying the amount withheld by the Commissioner ($29,384.43) by four. (ECF No. 24 at 3).

**III.   CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to section 406(b) are reasonable. Accordingly, IT IS ORDERED:

1.   Plaintiff's counsel's motion for an award of attorney fees (ECF No. 24) pursuant to 42 U.S.C. § 406(b) in the amount of $29,384.43 is GRANTED.

2.   Plaintiff's counsel shall reimburse Plaintiff $6,420.37 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

3.   Plaintiff's counsel shall serve a copy of this Order on Plaintiff and shall thereafter file a certificate of service on the docket within seven (7) days of the date of this order.

IT IS SO ORDERED.

Dated:   **November 5, 2024**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE